UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO OSIEL VALENCIA BARRERA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF OAKLAND POLICE DEPARTMENT, et al.,<br><br>Defendants. | Case No. 22-cv-03094-JCS<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED**<br><br>Re: Dkt. Nos. 2, 3 |

## I. INTRODUCTION

Plaintiff Arturo Osiel Valencia Barrera, pro se, applies to proceed in forma pauperis. *See* dkt. 3. Sufficient cause having been shown, that application is GRANTED.

The Court now reviews the sufficiency of Valencia Barrera's complaint under 28 U.S.C. § 1915(e)(2)(B). Valencia Barrera brings an equal protection claim under 42 U.S.C. § 1983 against Defendants the City of Oakland Police Department and Eric Kim. For the reasons discussed below, Valencia Barrera is ORDERED TO SHOW CAUSE why this case should not be dismissed. Valencia Barrera shall file either an amended complaint or a response to this order no later than June 17, 2022. If he does not do so, or fails to cure the deficiencies identified herein, the case will be reassigned to a United States district judge with a recommendation for dismissal.

## II. ALLEGATIONS OF THE COMPLAINT

Barrera alleges that the Oakland Police Department and Sergeant Eric Kim have refused to investigate Barrera's reports of rape and poisoned food, which Barrera asserts are part of a conspiracy against him, in an effort to deter him from reporting crimes. Compl. (dkt. 2) at 4–5. He asserts a claim under § 1983 for violation of his right to equal protection.

## III. ANALYSIS

### A. Legal Standard for Review Under § 1915

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave to proceed in forma pauperis, courts must engage in screening and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that lacks such statement fails to state a claim and must be dismissed.

In determining whether a plaintiff fails to state a claim, the court assumes that all factual allegations in the complaint are true. *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions" and to "mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). The pertinent question is whether the factual allegations, assumed to be true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Where the complaint has been filed by a pro se plaintiff, as is the case here, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). "A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203−04 (9th Cir. 1988) (per curiam)).

### B. Valencia Barrera Has Not Stated a Claim on Which Relief May Be Granted

The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const.

amend. XIV § 1. This "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985); *Clark v. California*, 123 F.3d 1267, 1270 (9th Cir. 1997). "'To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)).[1]

Valencia Barrera's assertion that Defendants "conspire and work against [him] to deprive [him] the equal protection afforded other citizens of this country and of the State of California" is the sort of conclusory assertion that the Supreme Court held insufficient in *Iqbal* and *Twombly*. Valencia Barrera has not alleged any particular circumstances in which someone else similarly situated was treated more favorably, nor has he asserted that Defendants discriminated against him based on his membership in any protected class or alleged facts sufficient to render such a conclusion plausible. Valencia Barrera is therefore ORDERED TO SHOW CAUSE why his claim should not be dismissed with prejudice.

Even if Valencia Barrera can cure those defects with respect to his claim against Kim, he must clear additional hurdles to state a claim against the Oakland Police Department. A municipality cannot be held liable under § 1983 for constitutional injuries inflicted by its employees on a theory of respondeat superior—in other words, simply because it employs them. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. A plaintiff seeking to establish municipal liability under § 1983 may do so in one of three ways: (1) the plaintiff may demonstrate that a municipal

---

[1] Unless the failure to investigate violates some other constitutional right, like the right to equal protection that Valencia Barrera has asserted here, an individual "does not have a constitutional right to have the police investigate his case at all, still less to do so to his level of satisfaction." *Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015) (citing *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989)).

employee committed the alleged constitutional violation "pursuant to a formal government policy or longstanding practice or custom which constitutes the standard operating procedures of the local governmental entity"; (2) the plaintiff may demonstrate that the individual who committed the constitutional violation was an official with "final policy-making authority and that the challenged action itself thus constituted an act of official government policy"; or (3) the plaintiff may demonstrate that "an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it." *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992). If Valencia Barrera wishes to pursue his claim against the Oakland Police Department, he must meet that standard in addition to stating an underlying claim for a constitutional violation.

## IV.   CONCLUSION

For the reasons discussed above, Valencia Barrera is ORDERED TO SHOW CAUSE why this action should not be dismissed as frivolous and for failure to state a claim on which relief may be granted, by filing no later than June 17, 2022 either: (1) an amended complaint remedying the defects identified above; or (2) a response to this order arguing why his present complaint is sufficient to proceed.

Any amended complaint must include the caption and case number used in this order (22-cv-03094) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaint, any amendment may not incorporate claims or allegations of Valencia Barrera's original complaint by reference, but instead must include all of the facts and claims Valencia Barrera wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

**IT IS SO ORDERED.**

Dated: May 27, 2022

JOSEPH C. SPERO
Chief Magistrate Judge